IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HEALTH CARE JUSTICE PBC, et al.,**

    **Plaintiffs,**

v.                                                              Civil Action No.: 1:18-CV-125

**HUNTINGTON BANK INC. OFFICIALS &
AGENTS, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to a referral order entered by United States District Judge Thomas E. Johnston on August 15, 2018 (ECF No. 48) and a Motion to Dismiss Plaintiff's Amended Complaint[1] filed on June 20, 2018 (ECF NO. 7). The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion in its entirety for the reasons examined below.

### I.   FACTUAL AND PROCEDURAL HISTORY

On May 31, 2018, Plaintiff Nabil Guirguis, MD has filed a Complaint against thirteen named defendants and seventy-five unnamed defendants. Plaintiff made a variety of claims against the defendants all seemingly starting with an incident that occurred on July 13, 2017 in a Huntington Bank in Clarksburg, West Virginia. The Complaint stemmed from allegations that Plaintiff was forcibly removed from said bank and was subsequently arrested. The other causes

---

[1] Plaintiff filed half of the Complaint on May 31, 2018 and the second half on June 1, 2018. The June 1, 2018 filing was originally viewed as an amended complaint, however, this has been remedied and is viewed as one original complaint upon Plaintiff's objections. While the Defendant's Motion is based on the Amended Complaint (which is now the second half of the Complaint (ECF No. 1-2)), the undersigned does not find it necessary for Defendant's to supplement the Motion with regard to the first half of the Complaint (ECF No. 1).

1

of action stem from allegations of unlawful conduct between the other named defendants following this arrest. These allegations include:

Fraud against Huntington Bank; Criminal Conspiracy to prevent a payment against Huntington Bank; Harassment against Huntington Bank; Discrimination against Huntington Bank; Malicious Prosecution as to Huntington Bank; a 42 U.S.C. § 1983 for police brutality; Obstruction of Justice against arresting officers; Violation of Rights of Crime Victims against arresting officers; Making a false statement to an officer under W. Va. Code § 61-5-17 against Huntington Bank Officers and agents; a 42 U.S.C. § 1983 excessive force claim against arresting officers; Malicious prosecution against arresting officers; Torture against arresting officers; Harassment against arresting officers; Hate Crimes against arresting officers; Discrimination against arresting officers; Bank Fraud against arresting officers; Making a False Statement against arresting officers; Kidnapping against arresting officers; False Swearing against arresting officers; Obstructing Officer under W. Va. Code § 61-5-17; Interfering with Emergency Communication under W. Va. Cod § 61-5-17; Interfering with Emergency Communication under W. Va. Code § 61-5-17; Impede or Obstruct a Public Official or Employee from Performing his or her Official Duties 61-5-27(B)(1); Refusal of Officer to Execute Act or Process of Legislature; Failure to Perform Official Duties against Sheriff; Refusal of Officer to Make, or Delay in Making Arrest; Failure to Perform Official Duties against Lt. Weiver, Sgt. Carpenter, and Chief John Walker; Perjury and Subornation of Perjury under W. Va. Code § 61-5-1; False Swearing under W. Va. Code § 61-5-2; Receiving Bribes under W. Va. Code § 61-5-5; Failure to Perform Official Duties under W. Va. Code § 61-5-28; Alteration, Concealment or Destruction of Public Record by Officer; Larceny, Concealment or Destruction of Public Record by Person Not Officer; Intimidation of and Retaliation Against Witnesses under W. Va. Code § 61-5-27; Fraudulent Official Proceedings under W. Va. Code § 61-5-27(a); Fraudulent Filings under W. Va. Code § 61-5-27a(B); Corrupt Summoning of Jurors to Find Biased Verdict under W. Va. Code § 61-5-24; Procuring the Summoning of Biased Juror by Party other than Officer under W. Va. Code § 61-5-25; Embezzlement under W. Va. Code § 61-3-20 by Officer, Agent, Clerk, Servant of the State, any County, district, municipal corporation, appropriate or use for his own benefit or for the benefit of any other person, embezzles or fraudulently converts to his own use, bullion, money, bank notes, drafts, security of money, or any effects or property of any other person, which shall have come to his possession, or been paced under his car or management, by virtue of his office, place, or employment, he shall be guilty of larceny. If such guilty person be an office, agent, clerk, or servant of banking institution, he shall be guilty of a felony.; Larceny of Banknotes, checks, writings of value and book accounts (quickbooks & Computers) under W. Va. Code § 61-3-14; Unauthorized Possession of Computer Data or Programs (Gouda, Joseph Pitrolo, Amy Lanham) under W. Va. Code § 61-3C-6; Unauthorized

Possession of Computer Information under W. Va. Code § 61-3C-9; Fraud and Related Activity in Connection with Access Devices under W. Va. Code § 61-3C-13; Endangering Public Safety, Any Person who access a computer or computer network or knowingly, willfully and without authorization (B) interrupts or impairs the providing of any medical services is a felony under W. Va. Code § 61-3C-14; Alteration, Destruction, ETC., of Computer Equipment under W. Va. Code § 61-3C-7; Embezzlement by misuse of fiduciary relationship of the Gouda Family (larceny) under W. Va. Code § 61-3-21; Embezzlement by Carrier Gouda under W. Va. Code § 61-3-21; Falsifying accounts DHHR, Banks, Records under W. Va. Code § 61-3-24; Obtaining money by false pretenses (open mail) under W. Va. Code § 61-3-24; Removal, injury to or destruction of property, monuments designating land boundaries and of certain no trespassing signs under W. Va. Code § 61-3-30; Entry upon enclosed lands under W. Va. Code § 61-3-33; False statement as to financial condition of person, firm or corporation under W. Va. Code § 61-3-37; Publication of false advertisement under W. Va. Code § 61-3-38; Taking identity of another person (Huntington, Chase, Joe Pyles) under W. Va. Code § 61-3-55; Malicious defamation of person and family names; Malicious defamation of a medical doctor; Malicious defamation of trade names; False arrest; Embarrassment; Physical harm incurred during or as a result of the wrongful arrest; Lost Income; Illness incurred during or as a result of the wrongful arrest; Aggravated battery with fracture to the right elbow; Weaponizing the taser gun and charging it five times until it hit the substernal area leading to loss of conscious, seizure, and concussion; Wrongful conviction; Malicious breach of all lease and business contracts and settlement agreement with business partners, clients, and adverse parties; False imprisonment for ten days obstruct mortgage payment to Huntington Bank by Dr. Guirguis; a 42 U.S.C. § 1983 claim for Fourth and Fourteenth Amendment violations; Racketeering/Civil Rico for the following allegations Mail and Wire Fraud 18 U.S.C. § 1341 and 134, 1962(c), Mail and Wire Fraud 18 U.S.C. §§ 1341, 1343, 1346, 1962(c), (d), Honest Services Fraud 18 U.S.C. § 1346, 1962(c), (d), Kidnapping-Cal. Pen. C. §§ 207(a), (b); 209; 236, 1962(c), (d), Extortion-Cal. Pen. C. § 518 et seq; 1951(a), 1962(c), Aiding and Abetting 18 U.S.C. § 2(a)-(b) and 1962(c), Aiding and Abetting a RICO Section 1962(d) Conspiracy-18 U.S.C. §§ 2(a)-b and §§ 1962(c)-(d), Conspiracy to violate 18 U.S.C. § 1962(c), RICO Conspiratorial Liability-Mediate Causation Contentions, Aiding and Abetting a Conspiracy to Contravene 18 U.S.C. § 1962(c), (d), and Petition for Orders Dissolving RICO Enterprises-18 U.S.C. § 1964(a), (b).

While Plaintiff provides background information dating back to 2003, the undersigned is interpreting this information as such—background information. The undersigned is not reviewing this information as repeated claims because they have been previously dismissed in either 1:15-CV-239 and 1:17-CV-119. As such, the undersigned is focused on the allegations

stemming from the incident involving the recent incident in Huntington Bank in July 2017 and will not re-litigate claims that were previously dismissed.

### A. Motion to Dismiss

On June 20, 2018, Defendants Brad Pustoloski and John Lanham[2] filed a Motion to Dismiss arguing that 1) the three other plaintiffs in the Complaint should be dismissed for lack of legal representation; 2) Defendants Pustoloski and Lanham have absolute and qualified immunity barring this suit being brought against them; 3) Plaintiff fails to state a cause of action; and 4) the statute of limitations has run on several claims due to the date of their occurrence. (ECF No. 8). Specifically, Defendants argued that because Plaintiff is not a licensed attorney, he cannot represent the other plaintiffs named in the complaint. Id. at 5-6. Defendants also argued that prosecutors have absolute and qualified immunity which would bar Plaintiff from bringing this type of suit against them. Id. at 6-10. Defendants further argued that Plaintiff has not sufficiently plead a claim on which relief may be granted as to the Civil RICO and accompanying state law claims. Id. at 10-14. Finally, Defendants argue that plaintiff's claims are now time barred. Id. at 14-15.

### B. Plaintiff's Response

On June 22, 2018, the undersigned sent Plaintiff a *Roseboro Notice* informing Plaintiff that a response to the Motion to Dismiss was required as the disposition of said Motion could lead to the dismissal of the entire case. (ECF No. 11). On July 31, 2018, Plaintiff filed a *Response to Adkins et al & Frank DeMarco et al with critical demands to restore justice*. (ECF No. 38). Plaintiff made the following arguments:

---

[2] The Complaint discusses many individuals who were not named as defendants. Defendants J. Lanham and B. Pustoloski are the only defendants whose counsel has appeared. This counsel will also represent the interests of Rachel Romano in the event she becomes formally involved in this proceeding.

1. Defendants' attorney, Drannon Adkins, failed to make a rational legal argument in his Motion to Dismiss;
2. Attorney Adkins has failed to provide any legal standing for the appearance of his clients without specific summons;
3. Defendant's failed to provide legal authority for the request for dismissal of claims; and,
4. Defendant's Attorney only seeks to dismiss the case because Plaintiff cannot obtain an attorney.

**II. Legal Standard**

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III.   ANALYSIS

#### A.  *Failure to Abide by Procedural Requirements*

**1.  A non-attorney Plaintiff may not represent a corporation as a named party**

While *pro se* plaintiffs can represent their own interests, they are barred from representing interests of other individuals. See Flame S.A. v. Freight Bulk Pte. Ltd., 762 F.3d 352, 355 n.3 (4th Cir. 2014); Acme Poultry Corp. v. United States, 146 F.2d 738, 740 (4th Cir. 1994). In addition, corporations can only be represented by a licensed attorney. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); In Re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014).

Dr. Guirguis is one of three named plaintiff's in this civil action. The other three entities that have joined to bring action against defendants are Health Care Justice Foundation, PBC[3]; US Coalition for Families & Children Foundation, PBC; and MedStar Real Estate and Development LLC. Health Care Justice Foundation is classified as a "corporation." US Coalition is classified as a "benefit corporation." MedStar Real Estate is classified as a "limited liability company."[4] While Plaintiff may represent himself *pro se*, Plaintiff Guirguis may not represent other corporations or benefit corporations because he is not a licensed attorney. Senior District Court Judge Frederick Stamp notified Plaintiff Guirguis of this requirement in *First Order and Notice Regarding Discovery and Scheduling* (ECF No. 9, at 2) entered on June 21, 2018. It has

---

[3] Please see: http://apps.sos.wv.gov/business/corporations/ which is updated regularly by the West Virginia Secretary of State's Office.

[4] This Company's classification as a limited liability company was terminated on November 1, 2016 for "failure to file the annual report." Plaintiff certainly cannot represent a limited liability company that no longer exists.

been more than five months since Plaintiff Guirguis was informed that he would need to seek legal representation for those entities. As of the time of the entry of this Report and Recommendation, there has not been any notices of appearance for any of those Plaintiffs. The undersigned hereby **RECOMMENDS** that the Complaint be **DISMISSED** as to Health Care Justice Foundation, PBC; US Coalition for Families & Children Foundation, PBC; and MedState Real Estate and Development LLC.

### 2. Plaintiff Failed to Serve Defendants within Required Time Period

Federal Rule of Civil Procedure 4 requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." On November 8, 2018, the undersigned sent Plaintiff a show cause order requesting Plaintiff provide justification to the undersigned as to why the defendants have not been served[5]. (ECF No. 62). To date, Plaintiff has not provided justification to the undersigned. Plaintiff has not provided the court with good cause as to why defendants have not been served. As such, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED** as to Abdulmalek Sabbagh, M.D.; Frank Demarco; Amy Lanham; SGT C. Travis; Ethan Walker; John Walker; Terri Walker; Dan Colver; Maged Gouda; Momtaz Gouda; and 75 Pending Does.

---

[5] On or about July 2, 2018, Plaintiff stopped receiving documents at his disclosed address for unknown reasons to the undersigned. Plaintiff, however, continued filing documents in this case. (ECF Nos. 24, 50, and 51). On or about November 9, 2018, the undersigned was informed that Plaintiff has been arrested and was incarcerated. To date, Plaintiff has not corresponded with the undersigned updating his address as required by the local rule. All documents have been sent to Plaintiff at the address provided to the Court: 1635 Fairmont Avenue, Fairmont, West Virginia 26554.

While there are certain allegations that are made against "all Defendants" which will be discussed below, there are several allegations made only against named defendants that have not been served. These claims include Fraud against Huntington Bank; Harassment Huntington Bank; Criminal Conspiracy against Huntington Bank; Malicious Prosecution; Defamation of Personal and Family Names, Medical Doctor, and Trade names against Huntington Bank; a 42 U.S.C. § 1983 excessive force claim, a 42 U.S.C. § 1983 police brutality, Malicious Prosecution, Obstruction of Justice, Making a False Statement, Violation of Rights of Crime Victims, Kidnapping, Harassment, Hate Remarks, Torture, Discrimination, and Bank Fraud against Clarksburg Police Department. Plaintiff Guirguis also alleges a "malicious breach of all lease and business contracts and settlement agreement with business partners, clients, and adverse parties." Compl. at p. 37. A breach of contract claims is a state law claim. The Complaint does not discuss which contract was allegedly breached, however, the undersigned interrupts this allegation to be a breach of contract stemming from the kidney dialysis research and invention by Plaintiff. Plaintiff Guirguis does not allege that this breach of lease and business contracts were against the two defendants that remain. Because many of these named defendants are, if adopted by District Judge, no longer a part of the lawsuit, the undersigned **RECOMMENDS** that these other allegations be **DISMISSED** as well.

### B. *Ripeness of Claims*

Plaintiff alleges that Defendants without probable cause maliciously prosecuted him. While the Fourth Circuit has ruled that a common law malicious prosecution is not a claim that may be brought through 42 U.S.C. § 1983, a claim may arise when this claim is styled as an illegal seizure under the Fourth Amendment. Lambert v. Williams, 223 F.3d 257 (4th Cir. 2000). A successful § 1983 claim for a malicious prosecution in violation of a plaintiff's Fourth Amendment rights against illegal seizures requires 1) the prosecution of person which is

unsupported by probable cause, 2) the prosecution was terminated in favor of the plaintiff, and 3) the defendant procured the prosecution. Weigle v. Pifer, 139 F. Supp. 3d 760 (S.D.W. Va. 2015); see also Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996) (citing that malice required under West Virginia tort law is not required in a §1983 claim, but rather objectiveness of officer's conduct is examined).

While Plaintiff alleges that he was wrongfully prosecuted, he also admits that this prosecution is still ongoing. Plaintiff states in ¶ 66 of his Complaint, (ECF No. 1-2 at 21), stating "Romano et al has been prosecuting Dr. Guirguis since July 2017 over this issue."[6] (Emphasis added). Plaintiff has not sufficiently plead a required element of the claim, that element being "prosecution was terminated in favor of the plaintiff," because that element has not occurred, therefore, this issue is not ripe for review. Accordingly, the undersigned **RECOMMENDS** that the district Court **DISMISS** the Complaint as to this claim.

C. *Jurisdiction of the District Court*

1. **Federal Question Jurisdiction under 28 U.S.C. § 1331**

In order for a district court to have jurisdiction, the allegations must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges several federal claims that arise under the "Constitution, laws, or treaties of the United States." These claims include one 42 U.S.C. § 1983 for a violation of Plaintiff's Fourth Amendment rights and several Civil RICO claims for alleged violations of various criminal statutes. While Plaintiff may not have sufficiently plead such allegations—discussed below—Plaintiff has at least made allegations allowing this district court to have federal jurisdiction over some claims.

---

[6] In ¶ 80, Plaintiff discusses allowing defendants until the day of filing the Complaint time to change the venue of the prosecution. In ¶ 83, Plaintiff discussed that his motion to dismiss and strike the trespassing claim was denied.

9

### 2. Diversity Jurisdiction under 28 U.S.C. § 1332

Under 28 U.S.C. § 1332, federal courts have diversity jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." § 1332(a). Section 1332 requires complete diversity of citizenship; that is, the citizenship of each plaintiff must be diverse from the citizenship of each and every defendant. Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). An individual is a citizen of the state in which he or she is domiciled. Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008).

"Domicile requires physical presence, coupled with an intent to make the State a home." Id. Residence and domicile are distinct concepts; an individual can reside in one state but be domiciled elsewhere. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Thus, in and of itself, an allegation of residency does not establish citizenship in a state; it is domicile that is determinative of citizenship. Johnson, 549 F.3d at 937 n.2; see also Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998) ("[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile.").

There is no complete diversity in this case. Plaintiff Guirguis is a resident of West Virginia. Defendants Sabbagh, DeMarco, Pustoloski, J. Lanham, A. Lanham, Sgt. Travis, E. Walker, J. Walker, T. Walker, and D. Colver are all "doing business at all relevant times in this district." Compl. ¶ 8-17. Furthermore, the Civil Cover Sheet filled out by Plaintiff lists Harrison County as the county of residence for the Defendants and Marion County for Plaintiff.

### 3. Supplemental Jurisdiction under 28 U.S.C. § 1367

Plaintiff is alleging violations of several state—civil and criminal—statutes that the court must have supplemental jurisdiction over to ultimately rule on those claims.

### a. Subject Matter Jurisdiction as to State Criminal Statutes

The United States District Court may not hear an action against defendants under criminal statutes under the West Virginia Code because the United States district court has limited jurisdiction to the criminal statutes it can hear.[7] United States district courts have jurisdiction over criminal cases dealing with alleged violations of Federal law. As such the undersigned does not have subject matter jurisdiction to hear the following allegations:

> Making a false statement to an officer under W. Va. Code § 61-5-17; Impede or Obstruct a Public Office or Employee from Performing his or her Office Duties under W. Va. Code § 61-5-27(B)); three allegations of Failure to Perform Official Duties; False Swearing; Alteration, Concealment or Destruction of Public Record by Officer; Larceny, Concealment or Destruction of Public Record by Person Not Officer; Procuring the Summoning of Biased Juror by Party other than Officer under W. Va. Code § 61-5-25; Obstructing Officer under 61-5-17; Interfering with Emergency Communication 61-5-17; Fraud and Related Activity in Connection with Access Devices under W. Va. Code § 61-3C-13; Perjury and Subornation of Perjury; Receiving Bribes; Intimidation of and Retaliation Against Witnesses; Fraudulent Official Proceedings; Refusal of Officer to Execute Act or Process of Legislature; Refusal of Officer to Make, or Delay in Making Arrest; Fraudulent Impersonation; Embezzlement by Officer, Agent, Clerk, Servant of the State, any County, district, municipal corporation; Larceny of Banknotes, checks, writings of value and book accounts; Unauthorized Possession of Computer Data or Programs; Unauthorized Possession of Computer Information; Embezzlement by misuse of fiduciary relationship of the Gouda Family (larceny) under W. Va. Code § 61-3-21; Embezzlement by Carrier Gouda under W. Va. Code § 61-3-21; Fraud and Related Activity in Connection with Access Devices; Endangering Public Safety; Alteration, Destruction, ETC., of Computer Equipment; Embezzlement by misuse of fiduciary relationship; Falsifying accounts DHHR, Banks, Records; Obtaining money by false pretenses; Removal, injury to or destruction of property, monuments designating land boundaries and of certain no trespassing signs; Entry upon enclosed lands; False statement as to financial condition of person, firm or corporation; Publication of false advertisement; and, Taking identity of another person.

---

[7] There is also an issue of standing with regard to the above claims; however, the undersigned finds this is unnecessary to discuss when the previous claims can be dismissed based on subject matter jurisdiction. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) for discussion on a private citizen bringing criminal cases against another person.

Because the United States district court does not have jurisdiction to hear alleged state law criminal actions and Plaintiff does not have standing to bring such claims, the undersigned finds that the district court does not have jurisdiction to hear the above causes of action.

An individual may have the ability to sue on related civil action grounds, if a state or federal law has created a civil remedy for that alleged action. In the event there is a related civil action available to Plaintiff based on West Virginia or Federal Law, the undersigned will liberally construe the Complaint to have pled as much. These will be discussed below.

### b. Subject Matter Jurisdiction as to State Law Claims

The only allegations that meet the federal question jurisdiction that remain, after the analysis above, are the Civil Rico Claims against Defendants Brad Pustoloski and John Lanham and a 42 U.S.C. § 1983 claims for malicious prosecution and false arrest in violation of his Fourth Amendment rights for illegal seizure. For the district court to hear the allegations of state law that remain—False Imprisonment—the district court must have subject matter jurisdiction over these allegations.

Title 28 of the United States Code, Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Furthermore, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Title 28 of the United States Code, Section 1367 states in pertinent part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all

other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Whether or not the Civil RICO claims are sufficiently plead or whether there is adequate defense to the allegations will be discussed below, the undersigned must first determine whether these claims are so related to the Civil Rico claim that they are part of the same case or controversy. Plaintiff makes a False Imprisonment allegation against Defendants (remaining defendants) in association with the arrest of Plaintiff during the incident at Huntington Bank in July 2017. Whether the district court will retain supplemental jurisdiction over this claima depends on whether the federal claims have been sufficiently plead.

### D. *Failure to State a Claim Upon Which Relief is Granted*

#### 1. Sufficiency of the Civil RICO Claims

In Defendants' Motion to Dismiss, Defendants argue that Plaintiff has failed to sufficiently allege all the elements of Malicious Prosecution and False Arrest which they accused of conspiring with an enterprise to commit against Plaintiff. Plaintiff makes the following claims Plaintiff alleges that Defendants conspired to violate the following laws:

> Two allegations for Mail and Wire Fraud under 18 U.S.C. § 1341, 1343, 1346, and 1962(c), (d); Honest Services Fraud under 18 U.S.C. § 1346 and 1962(c), (d); Kidnapping under Cal. Pen. C §§ 207(a), (b), 209, 236, 1962(c), (d); Extortion under Cal Pen. C. § 518 *et seq.* 1951(a), 18 U.S.C. § 1951(a), and 1962(c); Aiding and Abetting under 18 U.S.C. § 2(a)-(b), and 1962(c); Aiding and Abetting under RICO section under 18 U.S.C. § 2(a)-(b) and 1962(c)-(d); Conspiracy to violate 18 U.S.C. § 1962(c); and Aiding and Abetting a Conspiracy to Contravene 18 U.S.C. § 1962(c).

Title 18, United States Code, Section 1961 provides the definition for what is considered "racketeering activity." These crimes include "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter . . . , [and] any act which

is indictable under any of the following provisions of title 18, United States Code." The Statute then lists various federal crimes that are considered "racketeering activity." Id.

Honest Services Fraud under 18 U.S.C. § 1346 and 1962(c), (d); Aiding and Abetting under 18 U.S.C. § 2(a)-(b), and 1962(c); Aiding and Abetting under RICO section under 18 U.S.C. § 2 (a)-(b) and 1962(d); Conspiracy to violate 18 U.S.C. § 1962(c); and Aiding and Abetting a Conspiracy to Contravene under 18 U.S.C. § 1962(c) are not included in the list of indictable crimes that are considered "racketeering activity."[8] As these allegations apply to the remaining two defendants, the undersigned hereby **RECOMMENDS** that the District Court **GRANT** the Motion as to the above list of acts.

For a claim to survive a motion to dismiss for a violation of 18 U.S.C. § 1962(c), Plaintiff "must demonstrate: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex, 473 U.S. 479 (1985). "Conduct" requires that "the participant must have engaged in some degree of direction in the affairs of the enterprise." Reves v. Ernst & Young, 507 U.S. 170 (1993). A "pattern of racketeering" requires two predicate acts and Plaintiff "must show that the predicate acts are so related and that they 'amount to or pose a threat of continued criminal activity.'" GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543 (4th Cir. 2001).

Plaintiff twice alleges that the enterprise committed "Mail and Wire Fraud" under 18 U.S.C. § 1341. While Plaintiff alleges defendants committed mail fraud, there was no further examination of the allegation beyond mere conclusions. Specifically, Plaintiff alleges "Defendants, and each of them, in committing the acts detailed above, by and through the use of

---

[8] Plaintiff is alleging criminal allegations of Aiding and Abetting and Conspiracy for a violation of a criminal statute that gives plaintiffs civil relief in certain circumstances. Plaintiff does not have standing to assert criminal charges against Defendants for Aiding and Abetting nor Conspiracy. As such, these crimes do not fall under the civil remedies section of this statute and Plaintiff may not seek civil remedies for alleged criminal behavior.

United States mails and wires, have conspired to commit the schemes, acts, frauds, and swindles alleged against them, constituting mail and wire fraud under 18 U.S.C. §C 1341 and 1343." ECF No. 1-2, at 40.[9] Furthermore, Plaintiff alleges that all defendants were involved in this conduct, but does not allege how the remaining two defendants "engaged in some degree of direction" as to the enterprise and this conduct. As to the kidnapping allegation, Plaintiff alleges that the enterprise committed kidnapped him and took him to California and held him for ransom. Again, Plaintiff makes bare bones allegations and provides no factual background about this allegation. The allegation on Page 62 of the Complaint is the first time that Plaintiff mentions that he was transported to California at all and provides no information regarding how the remaining two defendants "engaged in some degree of direction" as to the enterprise and this conduct.

Plaintiff's last allegation is that the enterprise conspired to commit extortion against Plaintiff against California Penal Code Section 518. Extortion under California law is the "obtaining of property or other consideration from another, with his or her consent, induced by a wrongful use of force or fear, or under the color of official right." Plaintiff has not plead any anything beyond a conclusory statement that Defendants committed extortion.

Accordingly, the undersigned hereby **RECOMMENDS** that the district Court **DISMISS** the Complaint as to the Civil RICO Allegations. Furthermore, because there are no surviving federal question claims, the undersigned also **RECOMMENDS** that the district court **DISMISS** the Complaint as to the remaining False Imprisonment claim.

---

[9] Plaintiff provides "RICO Conspiratorial Liability- Mediate Causation Contentions" which provide more information allegations as to Defendants involvement. These are only applicable to the Aiding and Abetting of the Conspiracy and Conspiracy to Violate Civil RICO. Regardless, these "contentions" do not provide any factual development and contain mere conclusions that Defendants are engaging in this behavior.

### 2. Miscellaneous Claims

Finally, Plaintiff makes several claims—Embarrassment, Physical harm incurred during or as a result of the wrongful arrest, Lost Income, Illness incurred during or as a result of the wrongful arrest, Weaponing the taser gun and charging it five times until it hit the substernal area leading to loss of conscious, seizure, and concussion, and wrongful conviction. These are not recognizable claims, but rather damages serving as an explanation of the monetary damages sought by Plaintiff. The undersigned finds that these are not sufficient claims and should only be viewed as reasons justifying the relief sought.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Court **GRANT** the Motion in its entirety.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Thomas Johnston, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of Court is further **DIRECTED** to provide a copy of this Report and Recommendation to counsel of record, and to the pro se Plaintiffs by certified mail, return receipt requested, at their last known addresses as shown on the docket.

Entered this December 3, 2018

                                                                    MICHAEL JOHN ALOI
                                                                    UNITED STATES MAGISTRATE JUDGE