# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HEALTH CARE JUSTICE PBC, et al.,

    Plaintiffs,

v.          CIVIL ACTION NO. 1:18-cv-00125

HUNTINGTON BANK INC. OFFICIALS &
AGENTS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Brad Pustoloski and John Lanham's motion to dismiss. (ECF No. 7.) By Order of Reference entered in this case on October 23, 2018, this matter was referred to United States Magistrate Judge Michael J. Aloi for submission of a report and recommendation for disposition ("R&R"). (ECF No. 54.) Magistrate Judge Aloi entered his R&R on December 3, 2018, recommending that the Court grant Defendants' motion to dismiss in its entirety and, as there would be no surviving federal question claims, dismiss Plaintiff's remaining state law claim. (ECF No. 68.)

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver

of de novo review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on March 4, 2019. To date, no objections have been filed.[1] Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 68), **GRANTS** Defendants' motion to dismiss, (ECF No. 7), and **DISMISSES** this action. The Court further **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 15, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[1] The Court notes that Plaintiff did file two motions requesting that the Court dismiss the case without prejudice. (ECF Nos. 69, 70.) However, because Plaintiff is not a licensed attorney, Plaintiff cannot file anything on behalf of any of the companies he names as plaintiffs to this action. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Therefore, even were the Court to dismiss this action without prejudice, Plaintiff would still not be able to refile this action on behalf of those companies.